## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TRACY SUBOH**<br>1631 VALLEY FORGE DR.<br>LANCASTER, OHIO 43130 | : : : : | |
| Plaintiff, | : : | CASE NO. 2:20-cv-6295 |
| v. | : : | JUDGE |
| | : : | MAGISTRATE JUDGE |
| **ABACUS CORPORATION**<br>5953 E MAIN ST<br>COLUMBUS, OH 43232 | : : : : | **Jury Demand Endorsed Herein** |
| c/o Agent, Corporation Service Company<br>50 West Broad Street, Ste. 1330<br>Columbus, OH 43215 | : : : : : | |
| Defendant. | : : | |

## COMPLAINT

NOW COMES Plaintiff Tracy Suboh ("Plaintiff") and proffers this Complaint for damages against Defendant Abacus Corporation ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Fairfield County, Ohio.

2. Defendant Abacus Corporation is a foreign corporation doing business in the Southern District of Ohio.

3. At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), by O.R.C. Chapter 4112, and by 29 U.S.C. § 2611(2), the Family and Medical Leave Act ("FMLA").

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), by O.R.C. Chapter 4112, and by 29 U.S.C. § 2611(4)(A).

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), 29 U.S.C. § 2601, *et seq.*, and 28 U.S.C. § 1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant has a facility in Columbus, Ohio, at which the events in question took place.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendant in or around April 1, 2016 as a District Manager.

10. During Plaintiff's time with Defendant, she received two raises and was promoted to Regional Director of Operations.

11. Plaintiff suffers from five diagnosed disabilities/serious medical conditions including complex PTSD and OCD, which were caused by an office building explosion when one of Defendant's buildings exploded.

12. In October of 2019, Plaintiff first applied for FMLA leave for her severe depression, anxiety, substance abuse, and suicidal idealization, which she was diagnosed with that month.

13. From then on, Plaintiff recertified her FMLA application annually and was approved for 12 weeks of FMLA leave per year.

14. In or around October 2019, Plaintiff was hospitalized due to stress. Because of this, Plaintiff used four out of her 12 weeks of FMLA leave.

15. Later, in May 20, 2020, Plaintiff had a flare-up of her complex PTSD. At this time, Plaintiff was also diagnosed with bipolar disorder and OCD.

16. Plaintiff's doctor recommended that she take off work until August 10, 2020.

17. However, since Plaintiff only had eight weeks of FMLA leave remaining, the FMLA leave would only cover her time off until the week of July 20, 2020.

18. Knowing that she needed a few more weeks off work after her FMLA expired, Plaintiff was diligent in applying for short-term disability to cover the additional time off work and asked Defendant if she could take the additional time off.

19. Plaintiff's request for additional time off work after the expiration of her FMLA leave was a request for reasonable accommodation under the ADA and R.C. § 4112.

20. On or around June 11, 2020, HR Representative Sabrina Rios emailed Plaintiff stating that Plaintiff was "approved for STD."

21. However, when Plaintiff's FMLA expired, Defendant claimed that Plaintiff was not approved for short-term disability because it could not verify whether she was approved.

22. Just a few weeks before this, however, on July 6, Plaintiff emailed Ms. Rios and Defendant's COO, Mike Brady. In that email, she reminded Ms. Rios and Mr. Brady that her doctor still recommended that she be off work until August 10. She further asked, "how will this effect my job?" Plaintiff never received a response.

23. Then on July 27—just a couple of days after her FMLA leave ended—Plaintiff spoke to Mr. Brady over the phone where he informed her that she was terminated. Mr. Brady did not provide a reason for Plaintiff's termination other than, "we need to move on."

24. Defendant discriminated and retaliated against Plaintiff because of her disability and FMLA usage by terminating her for missing work due to her disability, by terminating her after her FMLA usage, and for failing to accommodate for her disability.

## COUNT I
### Disability Discrimination – R.C. § 4112.02

25. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

26. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

27. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01(A)(13) of the Ohio Revised Code.

28. Defendant knew Plaintiff was disabled and/or regarded her as disabled.

29. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

30. Plaintiff had to miss work due to her disability and took FMLA leave for that reason. Plaintiff's doctor recommended that Plaintiff take off work until August 10 so Plaintiff requested that

4

she be permitted to take a short time off in excess of the 12 weeks of FMLA leave she was entitled to.

31. Plaintiff only requested an additional 15 business days off work – the time period between when her FMLA expired during the week of July 20, 2020 and her return to work date of August 10, 2020.

32. Defendant discriminated against Plaintiff because of her disability by terminating her after she asked for a small amount of additional time off work.

33. Defendant discriminated against Plaintiff when it failed to engage in the interactive process by ignoring Plaintiff's accommodation request.

34. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, delaying her request for reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

36. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**COUNT II**
**Disability Discrimination – Americans with Disabilities Act**

37. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

38. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

39. Plaintiff is an otherwise qualified individual.

40. Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded her as disabled.

41. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

42. Plaintiff had to miss work due to her disability. Plaintiff's doctor recommended that Plaintiff take off work until August 10, so Plaintiff requested that she be permitted to take a short time off in excess of the 12 weeks of FMLA leave she was entitled to.

43. Plaintiff only requested an additional 15 business days off work – the time period between when her FMLA expired during the week of July 20, 2020 and her return to work date of August 10, 2020.

44. Defendant discriminated against Plaintiff because of her disability by terminating her after she asked for a small amount of additional time off work.

45. Defendant discriminated against Plaintiff when it failed to engage in the interactive process by ignoring Plaintiff's accommodation request.

46. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, delaying her request for reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious

emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

48. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Retaliation – R.C. § 4112.02

49. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

50. Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability. Specifically, Plaintiff requested time off work for her disability and utilized FMLA leave. When her FMLA leave ran out, she requested a maximum of 15 business days off work in excess of the 12 weeks provided to her pursuant to the FMLA.

51. Defendant knew Plaintiff engaged in a protected activity, as Plaintiff communicated these requests in writing.

52. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, refusing her reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

53. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

54. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Retaliation – Americans with Disabilities Act

55. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

56. Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability. Specifically, Plaintiff requested time off work for her disability and utilized FMLA leave. When her FMLA leave ran out, she requested a maximum of 15 business days off work in excess of the 12 weeks provided to her pursuant to the FMLA.

57. Defendant knew Plaintiff engaged in a protected activity, as Plaintiff communicated these requests in writing.

58. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, refusing her reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

60. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
### Failure to Accommodate – Americans with Disabilities Act

61.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

62.     At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. § 12102.

63.     Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded her as disabled.

64.     Plaintiff was an otherwise qualified individual with a disability.  She had no outstanding performance concerns and was promoted.

65.     Plaintiff requested a reasonable accommodation for her disability when she took medical leave for her disability and she asked for short-term disability leave to cover her doctor-recommended time of from the week of July 20 until August 10.

66.     A request for time off in excess of the 12 weeks allotted to her pursuant to the FMLA is a request for a reasonable accommodation.

67.     The amount of time off that Plaintiff requested in excess of the FMLA leave provided to her was reasonable, as it did not exceed 15 business days.

68.     Such reasonable accommodations were possible for Defendant to provide.

69.     Defendant violated the ADA by failing to accommodate Plaintiff's disability, by ignoring her accommodation request, and by terminating Plaintiff for issues related to her disability.

70.     Defendant violated the ADA by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

71.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered

and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

72. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
### Failure to Accommodate – R.C. § 4112.02

73. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

74. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. § 4112.01.

75. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01. She had no outstanding performance concerns and was promoted.

76. Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded her as disabled.

77. Plaintiff requested a reasonable accommodation for her disability when when she took medical leave for her disability and she asked for short-term disability leave to cover her doctor-recommended time of from the week of July 20 until August 10.

78. A request for time off in excess of the 12 weeks allotted to her pursuant to the FMLA is a request for a reasonable accommodation.

79. The amount of time off that Plaintiff requested in excess of the FMLA leave provided to her was reasonable, as it did not exceed 15 business days.

80. Such reasonable accommodations were possible for Defendant to provide.

81. Defendant violated R.C. § 4112.02 by failing to accommodate Plaintiff's disability, by ignoring her accommodation request, and by terminating Plaintiff for issues related to her disability.

82. Defendant violated R.C. § 4112.02 by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

83. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, conditions and privileges of employment for which Defendant is liable.

84. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VII
### Retaliation – Family Medical Leave Act

85. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

86. Plaintiff requested and was approved for FMLA leave for her serious medical conditions.

87. Plaintiff suffered an adverse employment action and Defendant violated the FMLA when Defendant terminated her within one week of exhausting her FMLA leave.

88. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

89. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, conditions and privileges of employment for which Defendant is liable.

90. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel A. Sabo (0089226)
(Rachel@thefriedmannfirm.com)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)

13